UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES CRAWFORD <br>     Plaintiff, <br><br> v. <br><br> RUTHERFORD COUNTY CORRECTIONAL <br> WORK CENTER <br>     Defendant. | No. 3 05 0838 <br> Judge Echols |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Correctional Work Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Work Center seeking unspecified relief.

On August 13, 2005, the plaintiff had an altercation with another inmate during visitation. In the course of the altercation, the plaintiff injured his hand. As a result, jail officials tested the plaintiff for drug usage but did not drug test the other inmate. The plaintiff believes that he has been the victim of "racial profiling" in violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the

Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. <u>Marsden v. Federal Bureau of Prisons</u>, 856 F.Supp. 832, 836 (S.D.N.Y. 1994); <u>Powell v. Cook County Jail</u>, 814 F.Supp. 757, 758 (N.D.Ill. 1993). Of course, giving this pro se pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Rutherford County, the entity responsible for the operation of the Work Center. However, for Rutherford County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). No such allegation appears in the complaint. Therefore, lacking an arguable basis in law or fact, this action shall be dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 1832-1833, 104 L.Ed.2d 338 (1989).

An appropriate order will be entered.

Robert L. Echols
United States District Judge